IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROWLAND MEDICINE HORSE, | Cause No. CV 13-155-BLG-SEH-CSO |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On December 18, 2013, Petitioner Medicine Horse filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Medicine Horse is a state prisoner proceeding pro se.

I. **Background**

Medicine Horse challenges his felony conviction for driving under the influence of alcohol ("DUI") in violation of Mont. Code Ann. §§ 61-8-401(1) and 731(1) and his designation as a persistent felony offender under Mont. Code Ann. § 46-18-502. Pet. (Doc. 1) at 2-3 ¶¶ 1-3; Mem. (Doc. 2) at 6. He was sentenced to serve five years in the custody of the Department of Corrections. Pet. at 3 ¶ 4.

Medicine Horse does not claim to be innocent of driving under the influence, but he asserts his offense should have been a misdemeanor rather than a felony. He

states that he has no prior DUI convictions in Montana, and he argues that the Florida laws under which he incurred three convictions for driving under the influence are not sufficiently similar to Montana law to enable those convictions to be counted against him in Montana. He concludes that he was unlawfully sentenced to a greater penalty than was authorized by law. He also contends that he attempted to persuade counsel that he was guilty only of misdemeanor DUI, but counsel "refused to li[]sten," so Medicine Horse signed a plea agreement and pled guilty. He then attempted to persuade counsel to appeal, but his efforts were unavailing. Pet. at 5 ¶¶ 2-5; *see also* Br. in Supp. (Doc. 2) at 4. Medicine Horse contends these allegations demonstrate violations of the Sixth Amendment right to the effective assistance of counsel. Pet. at 5 ¶¶ 1-5; Mem. at 1-2, 4-6.

On March 31, 2014, the Court ordered Respondents ("the State") to submit the presentence report compiled in the state proceedings as well as the documentation of Medicine Horse's criminal history that was available to defense counsel at the time Medicine Horse entered his guilty plea. At the same time, the Court issued a separate order to Medicine Horse to show cause why his petition should not be dismissed with prejudice as time-barred and/or as procedurally barred.

The State responded on April 11, 2014. Medicine Horse responded on April 18, 2014, and filed a notice of supplemental authority on June 10, 2014. The latter

notice consists of newspaper articles about the public defender system. Newspaper articles are not legal authority, neither binding nor persuasive. The notice will be disregarded.

When the Court issued the Order to Show Cause, it also required Medicine Horse to clarify whether he instructed counsel to file a notice of appeal and counsel failed to follow his instruction. Medicine Horse responded by reiterating that "counsel refused Medicine Horse's attempts to persuade him to file a notice of appeal" and "failed to effectively pursue diligent research to discover the legal differences in state statutes . . . and therefore thought an appeal to be frivolous." Resp. to Order (Doc. 11) at 2.

## II. Time Bar and Procedural Bar

### A. Time Bar

Each claim in Medicine Horse's petition is time-barred. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). Written judgment was entered in the trial court on June 2, 2011. Pet. at 2 ¶ 2. Medicine Horse's conviction became final sixty days after his time to appeal expired, that is, on August 1, 2011. Mont. R. App. P. 4(5)(b)(i) (2009); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). He had one year from that date to file his federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). He did not file until December 16, 2013, Pet. at 9 ¶ C, 501 days too late. Even if time is tolled under 28 U.S.C. § 2244(d)(2) for his filing of a

3

habeas action in the Montana Supreme Court, *see Medicine Horse v. Kirkegard*, No. OP 13-0351 (Mont. filed May 20, 2013), he filed 291 days too late.

## B. <u>Procedural Bar</u>

In addition, Medicine Horse's claim that counsel failed to file a notice of appeal is also subject to dismissal as procedurally barred. Medicine Horse either did not file a petition for postconviction relief or a motion to withdraw his guilty plea in the trial court or, if he did file one or both, he did not appeal any denial. Pet. at 3-4 ¶¶ 9-11.[1] He filed a habeas petition alleging his innocence of felony DUI in the Montana Supreme Court on May 20, 2013, but he did not allege that his attorney refused to appeal. A federal habeas court generally will not hear claims that were not raised in the state courts. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *see also Smith v. Baldwin*, 510 F.3d 1127, 1137-39 (9th Cir. 2007) (en banc).

## C. <u>Medicine Horse's Response</u>

Medicine Horse was advised of both of these potential bars and instructed how to respond to avoid dismissal. *See* Order to Pet'r to Show Cause (Doc. 7) at 2-3, 4. In response, Medicine Horse reasserts his claims for relief, *viz.*, that his

---

[1] Medicine Horse cites *Ford v. State*, 114 P.3d 244, 248-49 ¶ 14 (Mont. 2005), for the proposition that record-based claims must be raised on direct appeal. Pet. at 3 ¶ 9; Br. in Supp. (Doc. 2) at 4). Counsel's failure to file a direct appeal is obviously not a claim that can be raised on direct appeal. A petition for postconviction relief or a motion for leave to file an out-of-time appeal would be appropriate vehicles. Medicine Horse did not even raise the claim in his state habeas petition.

counsel was ineffective and that he is not guilty of felony DUI. *See generally* Resp. to Order at 2-6. If, as he claims, Medicine Horse's Florida DUI convictions do not count against him under Montana law, presumably he is "actually innocent" of felony DUI. In that case, his failure to comply with the federal limitations period might be excused. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc).

### D. Does Medicine Horse Defeat the Time and Procedural Bars?

"Once a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears." *Herrera v. Collins*, 506 U.S. 390, 399 (1993). Medicine Horse, therefore, has the burden of showing that he is actually innocent, even though the purpose of the demonstration is to defeat application of time and procedural bars. *E.g.*, *Schlup v. Delo*, 513 U.S. 298, 327 (1994); *Coleman v. Thompson*, 501 U.S. 722, 751 (1991).

Medicine Horse fails to make any showing at all that he is innocent. He simply says he is. *See, e.g.*, Resp. to Order (Doc. 11) at 2-4. He opines that the State's production of his arrest record contains "no specifics which express effectiveness of counsel," Resp. to Order at 6, but the State is not required to prove counsel was effective. He is required to show that counsel was ineffective. He states that Florida "has a different statute" (Br. in Supp. at 5) – as it certainly does. But the question is whether there is any *significant* difference between Montana's

5

definition of DUI and Florida's definition of DUI. That Florida and Montana impose different consequences for prior convictions, *see, e.g.*, Br. in Supp. at 7-8, 11, is irrelevant; the only question is whether prior Florida convictions are counted in Montana. Medicine Horse's brief in support of his petition includes a note in the margin of Montana's statute defining what counts as a prior conviction, stating that subsections (b) and (c) of Mont. Code Ann. § 61-8-734(1) do not "specify in another state like above paragraph does." *See* Br. in Supp. at 9. But the "above" paragraph, subsection (a), defines the word "conviction" "[f]or the purpose of determining the number of convictions for prior offenses referred to in 61-8-465, 61-8-722, and 61-8-731." Mont. Code Ann. § 61-8-734(1)(a). Subsections (b) and (c) further refine the parameters of previous "convictions." The note is both illogical and inconsequential.

At the same time, while the Montana Supreme Court has not considered whether convictions for driving under the influence in Florida qualify as prior DUI convictions under Montana law, Florida's definition of the offense of driving under the influence appears to be virtually identical to Montana's.

Since October 1, 1995, Montana law has provided that any combination of three or more convictions for driving under the influence ("DUI") or driving with excessive blood-alcohol concentration ("DUI per se") will support a felony conviction for any subsequent offense of DUI or DUI per se. Mont. Code Ann. §§

6

1-2-201(1)(a), 61-8-731(1) (2009); 1995 Mont. Laws ch. 447 §§ 8, 9. Not only do Montana DUI and DUI-per-se convictions count, but "conviction for a violation of a similar statute or regulation in another state" will count as well. *Id.* § -734(1)(a).

In Montana, "the elements of DUI that the prosecution must prove beyond a reasonable doubt are: (1) that the defendant was driving or in actual physical control of a vehicle; (2) upon the ways of this state open to the public; and (3) while under the influence of alcohol or drugs." *City of Missoula v. Paffhausen*, 289 P.3d 141, 145 ¶ 18 (Mont. 2012). DUI is an absolute liability offense and does not require proof the defendant acted purposely, knowingly, or negligently. *Id.* at 145 ¶ 19; Mont. Code Ann. § 61-8-401(7). A person is guilty of DUI per se if he drives or is in actual physical control of a noncommercial vehicle on a public way when the alcohol concentration in his blood, breath, or urine is 0.08 or more, or, if the vehicle is a commercial one, when his alcohol concentration is 0.04 or more. Mont. Code Ann. § 61-8-406(1). Before October 1, 2003, the levels were 0.10 and 0.04, respectively. DUI per se, like DUI, is an absolute liability offense. *Id.* § -406(2). Since 1997, the figures for alcohol concentration in blood or breath refer grams of alcohol per 100 milliliters of blood or per 210 liters of breath. *Id.* § -407.

Under Florida law, a person is guilty of driving under the influence "if the person is driving or in actual physical control of a vehicle," has imbibed alcohol,

and is "impaired." Fla. Stat. § 316.193(1)(a).[2] This definition is similar to

Montana's definition of DUI. Alternatively, a person is guilty of driving under the

influence if the person is in actual physical control of a vehicle and "has a blood-

alcohol level of 0.08 grams of alcohol per 100 milliliters of blood" or "per 210

liters of breath." *Id.* § .193(1)(b), (c). This definition is similar to Montana's

definition of DUI per se. The blood-alcohol concentration levels and even the

rebuttable presumptions that may be drawn from them are almost identical[3] in

Montana and Florida. *See* Mont. Code Ann. §§ 61-8-401(1), (4), -406(1); *see also*

Fla. Stat. § 316.1934(2). There is no significance in the fact that Florida combines

in one statute what Montana defines in two separate statutes as DUI and DUI per

se. *See State v. Hall*, 88 P.3d 1273, 1279-80 ¶ 22 (Mont. 2004).

    The Montana Supreme Court holds that a conviction in another jurisdiction

is not "similar" if the degree of impairment sufficient to support a conviction in the

other jurisdiction was less than Montana requires, but a conviction is "similar" if

the degree of impairment required to support a conviction in the other jurisdiction

---

[2] As pertinent here, Florida law has not changed since 1996. *See* 1996 Fla. Laws c. 96-330, § 3 (eff. Oct. 1, 1996).

[3] In Florida, a blood-alcohol concentration ("BAC") of 0.05 or less gives rise to a presumption the person was not impaired, but a BAC higher than 0.05 but less than 0.08 does not give rise to any presumption. In Montana, the figure pertinent to a presumption favorable to the defendant is lower, 0.04 or less, whereas a BAC higher than 0.04 but less than 0.08 gives rise to no presumption. Florida's rule is more favorable to the defendant; that is, a defendant with a BAC of 0.05 would be entitled to a presumption against impairment in Florida, whereas in Montana the same defendant with the same BAC would not be entitled to a presumption of no impairment. Therefore, the distinction between Florida and Montana law in this context does not militate against a finding that Florida law is similar to Montana law.

is the same or greater than is required in Montana. *Hall*, 88 P.3d at 1278-80 ¶¶ 19-22; *State v. McNally*, 50 P.3d 1080, 1085 ¶¶ 22-23 (Mont. 2002) (where showing of impairment "to the slightest degree" supports conviction, the offense is not "similar to" either DUI or DUI per se under Montana law). A person is "under the influence" in Montana when the person's "ability to safely operate a vehicle has been diminished." Mont. Code Ann. § 61-8-401(3)(a). In Florida, likewise, the impairment must be more than *de minimis*. *Cf. State v. Clements*, 968 So.2d 59, 60 (Fla. Dist. Ct. App. 2007) (affirming new trial where defense was precluded from offering expert testimony that his consumption of alcohol would result in "no significant impairment," despite defendant's poor performance on field sobriety tests, speeding, and shifting between lanes).

Moreover, although Florida does not limit the location of its DUI offenses to "the ways of [the] state open to the public," as Montana law does, *see City of Missoula v. Paffhausen*, 289 P.3d 141, 145 ¶ 18 (Mont. 2012), the Washington statute at issue in *Hall* also did not contain that limitation, nor did the California statute at issue in *State v. Polaski*, 106 P.3d 538, 542-43 ¶¶ 21-23 (Mont. 2005). Yet both the Washington and the California statutes were held sufficiently similar to Montana's to be counted toward the felony offense under Montana law.

Medicine Horse's simple insistence that he is not guilty of felony DUI puts nothing in the balance against a degree of similarity that makes qualification of

9

Florida DUI convictions almost a foregone conclusion. By the same reasoning, he fails to adduce any reason to believe that counsel's failure to challenge the use of his Florida DUI convictions to enhance his Montana DUI offense from a felony to a misdemeanor was so unreasonable as to fall outside the range of competent legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

To the extent Medicine Horse also challenges his sentence as a persistent felony offender, qualification of his Montana DUI offense as a felony is decisive. Under Montana law, a persistent felony offender is someone who has been convicted of a felony of any kind within five years of his conviction of another felony. Mont. Code Ann. § 46-18-501. Medicine Horse was convicted of two felonies in Florida in 2006. (Both happened to be DUIs.) His conviction for felony DUI in Montana in 2010, therefore, was his third felony in less than five years. Only one prior felony was required to designate him a persistent felony offender. Again, Medicine Horse does not show he is actually innocent, nor does he show that counsel was ineffective in any respect.

Medicine Horse's petition is time-barred. His claim that he could not persuade counsel to file a notice of appeal because counsel told him an appeal would be frivolous is both time-barred and procedurally barred. The petition should be dismissed with prejudice.

## III. <u>Certificate of Appealability</u>

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Medicine Horse was advised of the potential application of both a time bar and a procedural bar. He was instructed as to what he must do to remedy those defects. He relies on actual innocence, but nothing he says refutes the record showing three prior convictions under Florida law for driving under the influence of alcohol. Under Montana law, convictions incurred in another jurisdiction count towards a felony DUI conviction in Montana if the DUI statute in the other jurisdiction is "similar" to Montana's law, and Florida's law strongly appears to be

11

similar to Montana's. Medicine Horse has shown neither that he is actually innocent of felony DUI nor that counsel was ineffective in any respect. No reasonable jurist would find that Medicine Horse has demonstrated his innocence or made a substantial showing that counsel was ineffective. The procedural ruling is, therefore, not subject to question. A COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  The Petition (Doc. 1) should be DISMISSED WITH PREJUDICE.

2.   The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Medicine Horse may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Medicine Horse must immediately notify the Court of any change in his</u>

---

[4]   As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of September, 2014.

_/s/  Carolyn S. Ostby___
United States Magistrate Judge